FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DESIREE J.,

      Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

No. 4:25-CV-05004-JAG

ORDER AFFIRMING
DECISION OF THE
ADMINISTRATIVE
LAW JUDGE

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response, and Plaintiff's Reply.  ECF Nos. 11, 19, 20. Attorney Chad Hatfield represents Desiree J. (Plaintiff); Special Assistant United States Attorney Lillian Lee represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4.  After reviewing the administrative record and briefs filed by the parties, affirms the Administrative Law Judge's (ALJ) decision.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.  *See* 42 U.S.C. § 405(g).

ORDER AFFIRMING ALJ'S DECISION - 1

## I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on November 30, 2016, alleging disability since August 1, 2013 due to PTSD, chronic knee pain, gout, fibromyalgia, severe depression, plantar fasciitis, anxiety, obsessive compulsive disorder, hard time seeing, swollen ankles, and sac on ankle "the size of an egg."  Tr. 107-09. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an ALJ.  Tr. 180.  A hearing was held on January 29, 2020, at which medical experts Ricardo Buitrago, Psy. D., vocational expert Erin Martz, and Plaintiff, who was represented by counsel, testified.  Tr. 37.  ALJ Stewart Stallings presided.  Tr. 30.  The ALJ denied benefits on March 2, 2020.  Tr. 12. The Appeals Council denied review.  Tr. 1.

Plaintiff appealed.  *See* 2: 20-CV-00346-JAG.  This Court granted the parties' stipulated motion for remand.  2:20-CV-00346-JAG, ECF No. 27.  On remand, ALJ Stallings held another hearing, wherein vocational expert Kimberly Mullinax and Plaintiff, represented by Chad Hatfield, testified.  Tr. 1476.  ALJ Stallings issued a partially favorable ruling on July 10, 2023.  Tr. 1473.  Plaintiff appealed.  *See* 4:23-CV-05130-JAG.  This Court again granted a stipulated motion for remand.  4:23-CV-05130-JAG, ECF No. 13.  On remand, ALJ Marie Palachuk conducted hearing, wherein Plaintiff, represented by counsel, and vocational expert K. Diane Kramer testified.  Tr. 1449.  On November 22, 2024, ALJ Palachuk issued a partially favorable decision.  Tr. 1412.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on January 21, 2025.  ECF No. 1.

ORDER AFFIRMING ALJ'S DECISION - 2

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 1969 and was 44 years old on the alleged onset date.  Tr. 108, 1416.  Plaintiff has no past relevant work.  Tr. 1430.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER AFFIRMING ALJ'S DECISION - 3

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On November 22, 2024, the ALJ issued a decision finding Plaintiff was disabled as defined in the Social Security Act with an onset date of November 15, 2019.  Tr. 1416.  The ALJ determined Plaintiff was not disabled prior to that onset date.

At **step one**, ALJ Palachuk found that Plaintiff had not engaged in substantial gainful activity since August 1, 2013.  Tr. 1419.

At **step two**, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, obesity, lower extremity edema, chronic obstructive pulmonary disease (COPD), degenerative joint disease of the knees, obstructive sleep apnea, depressive disorder, anxiety disorder, and suboxone dependence.  Tr. 1419.

ORDER AFFIRMING ALJ'S DECISION - 4

At **step three**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 1421.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations:

> The claimant needs the ability to stretch for one to two minutes approximately every thirty minutes while at the workstation. The claimant can never use foot pedals bilaterally. The claimant can occasionally stoop. The claimant can rarely (fifteen percent of the day or less) climb stairs, and never climb ladders, ropes, or scaffolds. The claimant can never crouch, kneel, and crawl. The claimant should avoid all exposure to respiratory irritants and all hazards (such as unprotected heights and dangerous moving machinery). The claimant is able to understand, remember and carry out simple, routine tasks. The claimant can work in a predictable environment with no assembly line pace or similarly fast paced work. The claimant can have occasional interaction with the public, coworkers, and supervisors.

Tr. 1422-23.

At **step four**, the ALJ found that Plaintiff had no past relevant work. Tr. 1430.

At **step five**, the ALJ found that prior to November 15, 2019, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff had been capable of performing jobs that existed in significant numbers in the national economy, including the jobs of touch up screen inspector, document addressor, and document preparer. Tr. 1431.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through November 15, 2019. Tr. 1430-31.

ORDER AFFIRMING ALJ'S DECISION - 5

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) Improperly evaluating medical opinions of Lindsay McLaughlin, ARNP, Daniel Varnell, MD, Thomas Genthe, Ph.D., Melanie Edwards Mitchell, PsyD, Luci Carstens, Ph.D., Tasha Willoughby, LICSW, and Paul Arnold Ihle, LICSW; (2) Performing an inadequate Step Three analysis causing an erroneous conclusion that Plaintiff did not meet a listing; (3) Improperly rejecting Plaintiff's subjective complaints; and (4) Conducting an inadequate Step Five analysis.

## VII.    DISCUSSION

Upon review of the record and the briefing, as well as examination of each of Plaintiff's assignments of error, the Court finds that the ALJ's decision is supported by substantial evidence and free of harmful error.  Though the Court recognizes that the decision lacked detailed citations in some sections, the decision is fully supported.  The Court will not substitute the Court's judgment for that of the ALJ, therefore the ALJ's decision is affirmed for the reasons detailed below.

### A.    Medical Opinions.

In weighing medical source opinions for claims filed prior to March 27, 2017, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a non-examining physician.  *Id.*

ORDER AFFIRMING ALJ'S DECISION - 6

Plaintiff challenges the ALJ's analysis of treating providers Lindsay McLaughlin, Tasha Willoughby and Paul Arnold Ihle, examining providers Daniel Varnell and Thomas Genthe, and non-examining providers Melanie Edwards Mitchell and Luci Carstens. Opinions issued by the providers above as well as other providers not challenged by Plaintiff conflict, so the lower standard of review applies, with a preference for the opinions of treating physicians.

When a treating physician's opinion is contradicted by another physician, the ALJ may reject the treating physician's opinion for "specific and legitimate reasons" based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

ORDER AFFIRMING ALJ'S DECISION - 7

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998)

### 1.    *Lindsay McLaughlin, ARNP:*

Although Plaintiff argues that the ALJ's analysis of Lindsay McLaughlin's opinion should be that of a treating physician, the ALJ notes that McLaughlin omits answers to the question pertaining to the first and last day of treatment. Tr. 1429. Although, Ms. McLaughlin "opined the limits existed since December 31, 2018," her opinion for the time period covering prior to treatment more closely aligns with that of an examining physician rather than a treating physician as her analysis of the past limitations were limited to the medical record and her more recent examinations of Plaintiff. Further, Ms. McLaughlin's opinion contradicts that of Dr. Yoon who was the treating physician during the relevant period. For that reason, the Court finds that the ALJ need only provide "specific and legitimate" reasons to reject Ms. McLaughlin's opinion for the contested time period, and the ALJ did just that. The ALJ reviewed medical records from an exam a few months prior to the onset date opined by Ms. McLaughlin and noted that Plaintiff "had a normal gait, no significant edema, her lungs were clear bilaterally to auscultation, she was alert and cooperative, had a normal mood and affect, normal attention span and concentration." Tr. 1429. Although this is a snapshot, it provides a specific and legitimate reason to reject Ms. McLaughlin's opinion due to inconsistency with the severity of symptomology addressed in her medical opinion from 2023.

### 2.    *Daniel Varnell, MD:*

As an examining physician, the ALJ's decision to give Daniel Varnell's opinion little weight must be based on specific and legitimate reasons. The ALJ provided several reasons for assessing less limitations than Daniel Varnell's

ORDER AFFIRMING ALJ'S DECISION - 8

opinion. First, the ALJ noted that Dr. Varnell "does not identify objective or observational evidence demonstrating the abnormalities at examination were so significant the claimant was unable to function in nearly any area." Tr. 1427. Second, the ALJ found that the record contained several instances wherein Plaintiff demonstrated abilities beyond those recited by Dr. Varnell. Tr. 1427. Lastly, the ALJ concluded that less severe limitations would accommodate Plaintiff's presentation during the examination with Dr. Varnell and other examinations. Tr. 1427. It would have been helpful had the ALJ cited to specifics in the record in support of each rationale, but the reasons given are specific and legitimate, and therefore pass the low bar necessary to survive review by this Court.

### 3.    *Thomas Genthe, Ph.D.:*

The ALJ assigned little weight to examining doctor Thomas Genthe's opinion because his opinion was internally inconsistent and consistent with the longitudinal record. Tr. 1428. As with Dr. Varnell, it would have been useful had the ALJ cited to specific records to support rejection of Dr. Genthe's opinion, but rejecting the opinion based on internal inconsistency and lack of attention to normal findings scattered throughout the medical records is sufficient based on Dr. Genthe's role as an examining expert.

### 4.    *Melanie Edwards Mitchell, PsyD and Luci Carstens, Ph.D.:*

Drs. Mitchell and Carstens each reviewed the record for DSHS. The ALJ assigned little weight to either of their opinions. Dr. Mitchell opined that Plaintiff was disabled with an onset date of December 6, 2024, for a period of at lease two years. Tr. 1428. Dr. Carstens opined an onset date of December 6, 2016, with disability to last at least 12 months. Tr. 1429. The ALJ assigned neither opinion much weight because they both relied on a review of limited records that did not include records that suggested contrary conclusions. Tr. 1428-29. Further, the ALJ noted that Dr. Carstens relied heavily on Drs. Genthe and Varnell.

ORDER AFFIRMING ALJ'S DECISION - 9

Tr. 1428-29. Since the ALJ afforded the opinions of Drs. Genthe and Varnell little weight, the opinion of Dr. Carstens, which relied upon their opinions, similarly was given little weight by the ALJ. Tr. 1428-29. The ALJ's assessment of Drs. Mitchell and Carston while limited, lacks error. The ALJ's rationale is supported, consistent with the record, and therefore supported by specific and legitimate evidence.

### 5. *Tasha Willoughby, LICSW, and Paul Arnold Ihle, LICSW:*

The ALJ afforded some weight to social worker Paul Arnold Ihle's opinion, but little to Tasha Willoughby's. Tr. 1428, 1430. Although Ms. Willoughby opined significant limitations, the ALJ placed little weight on her opinion due to lack of support for her checkbox responses in her opinion and in the record. Tr. 1428. The Ninth Circuit has expressed a preference for narrative opinions over opinions expressed on a check-the-box form. *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947 (9th Cir. 2002). Lack of explanation for findings coupled by lack of support in the record constitutes a proper reason for giving an opinion little weight.

Plaintiff argues that the ALJ improperly rejected Mr. Ihle's opinion because the ALJ provided little more than a blanket assertion that they were not supported by the record. ECF No. 11 at 25-26. The record belies this assertion. First, the ALJ gave some weight to Mr. Ihle's opinion because he worked with Plaintiff regularly and was able to give examples supporting his perspective. Tr. 1430. The ALJ tempered the weight given to Mr. Ihle's opinion on functional limitations due to his lack of medical training. Tr. 1430. The ALJ also noted that Mr. Ihle's conclusions were not consistent with sporadic findings of limitations mixed in with observations of normal functioning. Tr. 1430. Again, it would have been helpful

ORDER AFFIRMING ALJ'S DECISION - 10

if the ALJ had cited to specific records to illustrate the conclusion as to Mr. Ihle; however, the Court may examine the ALJ's full analysis of medical opinion evidence when addressing whether substantial evidence supports the ALJ's conclusions. The ALJ's acceptance of Yongmoon Park's opinion, based on a review of the treatment records, necessarily leads to the conclusion that the functional limitations opined by Mr. Ihle could not be fully adopted. *See* Tr. 1428.

**B.    Step Three.**

Plaintiff complains that the ALJ erred at step three by failing to address whether fibromyalgia met or equated listing 14.09D and made inadequate findings regarding the severity of Plaintiff's mental health impairments. ECF No. 11 at 27-28. At step three, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish she meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id*. at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id*.; *see also* Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2 (a step three determination must be made based on medical factors). An impairment meets a

ORDER AFFIRMING ALJ'S DECISION - 11

listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2. The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Although the ALJ did not technically cite to 14.09D, the ALJ considered 14.09 (Inflammatory arthritis), which includes 14.09D. Tr. 1421. To equal or meet Listing under 14.09D, Plaintiff must establish:

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1.    Limitation of activities of daily living.
>
> 2.    Limitation in maintaining social functioning.
>
> 3.    Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 14.09D. The ALJ addressed the physical limitations as well as constitutional issues, albeit primarily in the context of mental health. Tr. 1421-22. The ALJ found Plaintiff did not meet or equal listing for 1.18, 3.02, 9.00, or 14.09. Tr. 1421. The ALJ provided adequate justification for the conclusions not only in the section 4 of the opinion, but also though "discussion of the medical evidence throughout" the decision. Tr. 1421.

C.    **Plaintiff's Subjective Statements.**

Plaintiff contends that the ALJ erred by improperly rejecting her subjective complaints. ECF No. 11 at 28-31. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant

ORDER AFFIRMING ALJ'S DECISION - 12

produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ did not err. Upon review of Plaintiff's statements, the ALJ found that certain statements were inconsistent with the record. Tr. 1426. The ALJ provided a detailed analysis of the statements made and what records caused the ALJ not fully credit Plaintiff's symptom statements. Tr. 1426. The ALJ also noted (and cited to) instances in the record wherein Plaintiff had told providers she did not want to work or struggled to find work, so she wanted the medical professional to find her to have disabling conditions. Tr. 1426. The ALJ's through review of the record and citation to specific records satisfies the standard of review.

**D.    Step Five:**

Once a claimant has established that he or she suffers from a severe impairment that prevents the claimant from doing any work he or she has done in the past, the claimant has made a prima facie showing of disability. At this point—step five—the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Plaintiff assigns two basic types of error, first, Plaintiff asserts that the limitations on contacts with supervisors in the RFC necessarily requires a finding

ORDER AFFIRMING ALJ'S DECISION - 13

of disability; and second, the jobs identified requires a level of reasoning beyond the RFC because each of the jobs identified require Level Two (or above) reasoning.

The RFC did not necessitate a finding of disability due to limitations on contacts with supervisors.  Plaintiff relies on an unpublished Ninth Circuit case and a Second Circuit case.  ECF No. 11 at 31.  No binding authority requires a *per se* finding of disability where the RFC limits contact with supervisors to occasional.  The Vocational Expert addressed a hypothetical that included limited interaction with supervisors and found that the identified occupations qualified.  The Court declines Plaintiff's invitation to extend the unpublished case to this set of facts.  The ALJ's reliance on the Vocational Expert's opinion was not in error.

Second, although the Ninth Circuit recognizes that there is a plain "conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning," Level 2 appears more consistent for a claimant limited to simple, routine tasks.  *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).  Any error in identifying document preparer as an available occupation is harmless because the ALJ identified other jobs, document addressor and touch up screen inspector, with sufficient numbers in the national economy, thus meeting the Commissioner's burden at step 5.  *Meanel v. Apfel*, 172, F.3d 1111, 1115 (9th Cir. 1999)

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.  Although the ALJ's opinion would have benefited from more detailed citations to the record in support of weighing the medical experts and the step 2 analysis, the ALJ still committed no harmful legal error and supported the opinion with enough evidence to reasonably support the conclusion.

ORDER AFFIRMING ALJ'S DECISION - 14

Accordingly, **IT IS ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is. **DENIED**.

2.    Defendant's request to affirm the decision of the ALJ, **ECF No. 19**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 30, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 15